Donald STEVENSON, Petitioner–Appellant,

v.

Richard THORNBURGH; J. Michael Quinlan; Gary L. Henman, Warden; Robert P. Casey, Governor of Pennsylvania, Respondents–Appellees.

No. 91–3067.

United States Court of Appeals, Tenth Circuit.

Aug. 29, 1991.

Donald Stevenson, pro se.

Before LOGAN, MOORE and BALDOCK, Circuit Judges.

PER CURIAM.

Petitioner Donald Stevenson was convicted of a criminal offense under the laws of the Commonwealth of Pennsylvania and was sentenced by the Court of Common Pleas of Philadelphia, Pennsylvania, to the custody of the Pennsylvania Bureau of Corrections. Pursuant to an agreement between the federal Bureau of Prisons and the Commonwealth of Pennsylvania, petitioner was transferred to the United States Penitentiary, Leavenworth, Kansas

(USPL), to serve his sentence. He petitioned the United States District Court for the District of Kansas for habeas corpus relief pursuant to 28 U.S.C. § 2254. It was his position that his transfer violated the "compact clause" of the United States Constitution, art. I, § 10, cl. 3 ("No State shall, without the Consent of Congress, ... enter into any Agreement or Compact with another State...."). The district court denied his petition for habeas corpus, *Stevenson v. Thornburgh*, No. 90–3493–R, 1991 WL 17713 (not published) (D.Kan. Jan. 28, 1991), Dist.Ct.R. doc. 10 (order denying petition for habeas corpus, referred to in this opinion as the Jan. 28, 1991, Order). *Accord Bickerstaff v. Thornburgh*, 755 F.Supp. 977 (D.Kan.1991) (same holding under same facts and same claims); *Joyner v. Henman*, 755 F.Supp. 982 (D.Kan.1991) (same). Petitioner appeals pursuant to 28 U.S.C. § 2253.[1] We affirm.

Petitioner's habeas corpus claim to the district court was constructed through the same interrelated arguments concerning the constitutionality of his transfer into federal custody as were presented by the petitioner in a case recently published by this court, *Blango v. Thornburgh*, 942 F.2d 1487 (10th Cir.1991) (prisoner transferred from the District of Columbia Department of Corrections to USPL). In *Blango* we held that the petitioner's claims of constitutional violation and of district court bias were without merit. In the case before us today, petitioner's claims are controlled by our disposition in *Blango*. The fact that petitioner was transferred from a state prison while the petitioner in *Blango* was transferred from a District of Columbia prison does not affect our analysis of these issues.[2]

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument. Petitioner's motion to proceed in forma pauperis is hereby granted.

2. Pennsylvania statute explicitly permits the state's Department of Corrections to contract with the federal government for housing of inmates. *See* 71 Pa.Stat.Ann. § 310–2 ("The De-

partment of Corrections may contract with the Federal Government for the housing of inmates in Federal correctional facilities.") 61 Pa.Stat. Ann. § 72 provided sufficient authority to allow such transfers prior to the enactment of section 310–2. Any alleged impropriety in the execution of the agreement between the Commonwealth of Pennsylvania and the federal Bureau of Prisons under which petitioner was transferred was rendered moot by the complete performance of all obligations by both parties to the agreement as if its execution were proper.

We hold that none of the issues petitioner has raised before this court is "debatable among jurists of reason." *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394 n. 4, 77 L.Ed.2d 1090 (1983). Petitioner's request for certificate of probable cause to appeal denial of his petition for writ of habeas corpus is DENIED. The appeal is dismissed.