944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Hiram R. JOHNSTON, Jr., Petitioner-Appellant,
v.
Richard R. THORNBURGH, J. Michael Quinlan, Gary L. Henman,
Robert P. Casey, Respondents-Appellees.
 Nos. 90-3330, 91-3126.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 12, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 PER CURIAM
 
 2
 Petitioner Hiram R. Johnston, Jr., was convicted of violation of the criminal laws of the Commonwealth of Pennsylvania and was subsequently transferred to the United States Penitentiary, Leavenworth, Kansas (USPL), to serve his sentence. The district court denied his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. Johnston v. Thornburgh, No. 90-3464-R, 1991 WL 49649 (unpubl.) (D.Kan. Mar. 14, 1991). Petitioner appeals pursuant to 28 U.S.C. § 2253.[1]
 
 
 3
 In response to petitioner's notice of appeal, the district court found that the appeal was frivolous and not taken in good faith. Based on this finding, the court denied petitioner leave to proceed in forma pauperis on appeal. Dist.Ct.R. doc. 33. Petitioner's motion before this court for in forma pauperis status is hereby granted. Case No. 90-3330, an interlocutory appeal, is dismissed for mootness because of the court's disposition of petitioner's appeal on the merits herein.
 
 
 4
 Each of the claims based on the compact clause that petitioner raises on appeal has been considered and was found to be lacking in merit in Stevenson v. Thornburgh, --- F.2d ----, 1991 WL 164630 (10th Cir. Aug. 29, 1991).[2] We hold that none of the issues petitioner has raised before this court is "debatable among jurists of reason." Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). Petitioner's request for certificate of probable cause to appeal denial of his petition for writ of habeas corpus is DENIED. This appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 In addition to all the compact clause claims raised in the Stevenson case, in a separate "Motion for TRO and/or PI," Dist.Ct.R. doc. 28, petitioner claimed that his right of access to the courts was compromised by changes in USPL's administration of the prison's law library facilities. Petitioner alleged that these changes "obstruct[ed petitioner's] ability to render adequate MUTUAL ASSISTANCE to other prisoners [as a self-described 'jailhouse lawyer']." Id. at 1. In its order denying habeas corpus relief and dismissing the petition, Dist.Ct.R. doc. 29, the court also denied this motion on the grounds that such complaint "must be brought on behalf of the person whose right [of access to the courts] has been affected, not on behalf of the party attempting to provide legal assistance to that person." Id. at 7. The district court's analysis of this motion was correct