944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ernest G. MOORE, Petitioner-Appellant,
v.
Richard R. THORNBURGH, J. Michael Quinlan, G.L. Henman, Neil
Goldschmidt, Booth Gardner, Respondents-Appellees.
 Nos. 90-3325, 91-3129.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 12, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 
 
 1
 ORDER AND JUDGMENT*
 
 PER CURIAM
 
 2
 Petitioner Ernest G. Moore was convicted of violation of the criminal laws of the State of Oregon and was subsequently transferred to the United States Penitentiary, Leavenworth, Kansas (USPL), to serve his sentence. The district court denied his petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. Moore v. Thornburgh, No. 90-3473-R, 1991 WL 50265 (unpubl.) (D.Kan. Mar. 28, 1991). Petitioner appeals pursuant to 28 U.S.C. § 2253.[1]
 
 
 3
 In response to petitioner's notice of appeal, the district court found that the appeal was frivolous and not taken in good faith. Based on this finding, the court denied petitioner leave to proceed in forma pauperis on appeal. Dist.Ct.R. doc. 41. However, petitioner's motion before this court for in forma pauperis status is hereby granted. Case No. 90-3325, an interlocutory appeal, is dismissed for mootness because of the court's disposition of petitioner's appeal on the merits herein.
 
 
 4
 Each of the claims based on the compact clause that petitioner raises on appeal has been considered and was found to be lacking in merit in Stevenson v. Thornburgh, --- F.2d ----, 1991 WL 164630 (10th Cir. Aug. 29, 1991).[2] We hold that none of the issues petitioner has raised before this court is "debatable among jurists of reason." Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). Petitioner's request for certificate of probable cause to appeal denial of his petition for writ of habeas corpus is DENIED. This appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 The petitioner in Stevenson was transferred to USPL from Pennsylvania. Petitioner herein was transferred to USPL by the Oregon Department of Corrections from his then-current assignment to a Washington state prison on a prisoner exchange program between Washington and Oregon. See Dist.Ct.R. doc. 30 ex. A (contract between Washington and Oregon detailing terms of the prisoner exchange). Petitioner was transferred to USPL pursuant to a contract between Oregon and the Federal Bureau of Prisons, see Dist.Ct.R. doc. 27 attachm. 2 (agreement between the State of Oregon and the Federal Bureau of Prisons), under the authority of Or.Rev.Stat. § 421.205. Although petitioner asserts that the governors of the states of Oregon and Washington were appropriate respondents in this case, the district court was correct to dismiss these two named respondents. See Blango v. Thornburgh, --- F.2d ----, 1991 WL 154940, slip op. at 11-12 & n. 10 (10th Cir. Aug. 26, 1991)
 Based on his claim that Oregon had lost jurisdiction over him upon transfer to USPL, petitioner objected to the Oregon Board of Parole's notice of parole hearing. In its order on the merits, the district court noted that because the court found that Oregon retained jurisdiction over petitioner while he was at USPL, it would "not address petitioner's claim that the Oregon Board of Parole is without authority to take any action regarding petitioner's state sentence." Dist.Ct.R. doc. 37 at 5. This disposition of petitioner's request is correct.
 In addition to the compact clause claims raised in the Stevenson case, petitioner herein filed a motion for temporary restraining order or preliminary injunction, Dist.Ct.R. doc. 34. Petitioner claimed that his right of access to the courts was compromised by changes in USPL's administration of the prison's law library facilities. Petitioner alleged that these changes "obstruct[ed petitioner's] ability to render adequate MUTUAL ASSISTANCE to other prisoners [as a self-described 'jailhouse lawyer']." Id. at 1. This motion was identical to that submitted to the district court by a fellow inmate at USPL who was also pursuing a habeas corpus petition based on an alleged violation of the compact clause after transfer from a state prison. That motion was denied by the district court on the grounds that the allegation of impediment to right of access to the courts must be brought by or on behalf of one whose right has been affected, not on behalf of the party attempting to provide legal assistance to that person. See, Johnston v. Thornburgh, No. 90-3464-R, Order at 7, 1991 WL 49649 (unpubl.) (D.Kan. Mar. 14, 1991). The district court's analysis of the motion in Johnston was correct. The district court apparently neglected to include its analysis of the issue in its order dismissing the petition we consider here, but that omission is harmless because the claim is without merit.