959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Nathaniel B. APPLEBY-EL, Petitioner-Appellant,
v.
Richard THORNBURGH, J. Michael Quinlan, Gary L. Henman,
William Donald Schaefer, Respondents-Appellees.
 No. 91-3319.
 United States Court of Appeals, Tenth Circuit.
 April 3, 1992.
 
 Before LOGAN, MOORE, and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 Petitioner Nathaniel B. Appleby-El was convicted of violation of the criminal laws of the State of Maryland and was subsequently transferred to the United States Penitentiary, Leavenworth, Kansas (USPL), to serve his sentence. The district court denied his petition for habeas corpus, filed pursuant to 28 U.S.C. § 3341. Appleby-El v. Thornburgh, No. 91-3126-R (D.Kan. Sept. 26, 1991). Petitioner appeals pursuant to 28 U.S.C. § 2253.[1]
 
 
 2
 In response to petitioner's notice of appeal, the district court found that the appeal was frivolous and not taken in good faith. Based on this finding, the court denied petitioner leave to proceed in forma pauperis on appeal. Dist.Ct.R. doc. 18. Petitioner's motion before this court for in forma pauperis status is hereby granted.
 
 
 3
 Each of the claims based on the Compact Clause that petitioner raises on appeal has been considered and was found to be lacking in merit in Stevenson v. Thornburgh, 943 F.2d 1214 (10th Cir.1991).[2] We hold that none of the issues petitioner has raised before this court is "debatable among jurists of reason." Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983). Petitioner's request for certificate of probable cause to appeal denial of his petition for writ of habeas corpus is DENIED. This appeal is DISMISSED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 In addition to the Compact Clause claims, petitioner questions whether his incarceration under the custody of the Federal Bureau of Prisons is in violation of 18 U.S.C. § 4002. ("[T]he Attorney General may contract, for a period not exceeding three years, with the proper authorities of any State ... for the imprisonment, subsistence, care, and proper employment of such persons.") (emphasis added). Petitioner argues that because he has been in federal custody for more than five years, all time beyond what he alleges to be a three-year limit imposed by § 4002 constitutes impermissible detention
 Petitioner's interpretation of § 4002 is incorrect. Section 4002 permits the Federal Bureau of Prisons to contract with states for the custody of state prisoners and addresses the parameters of such contracts. There is no suggestion in the provision that it was intended to limit the period during which an individual prisoner transferred pursuant to a conforming contract may be incarcerated in federal prison pursuant to the contract.