JOHN GOOD *vs.* COMMISSIONER OF CORRECTION.

No. 91-P-772.

Middlesex. November 17, 1992. - February 1, 1993.

Present: KASS, JACOBS, & PORADA, JJ.

Further appellate review granted, 414 Mass 1106 (1993).

*Imprisonment*, Reclassification of prisoner, Transfer of prisoner. *Constitutional Law*, Cruel and unusual punishment.

A prison inmate formerly confined in a Massachusetts correctional institution who had been transferred, after a classification hearing, to a Federal prison remained entitled under 103 Code Mass. Regs. § 420.09 (1992) to have his classification to Federal custody periodically reviewed by a classification board in the Department of Correction. [74-76]

In an action by a prison inmate who had been transferred from a Massachusetts correctional institution to Federal custody, the plaintiff's allegation that his health was being endangered by the presence of carcinogens in the drinking water supply of the Federal prison where he was confined stated no claim on which he could be granted relief against the Commissioner of Correction. [77]

CIVIL ACTION commenced in the Superior Court Department on June 11, 1990.

The case was heard by *Walter E. Steele*, J., on a motion for summary judgment.

*Kenneth J. King* for the plaintiff.

*Thomas E. Abruzzese* for the Commissioner of Correction.

*Peter Costanza & Barry Barkow*, for Massachusetts Correctional Legal Services, amicus curiae, submitted a brief.

PORADA, J. The plaintiff, although initially an inmate at a Massachusetts correctional institution, was transferred after a classification hearing to a Federal correctional institution in 1989. In 1990, he was returned temporarily to Massachusetts to assist his defense counsel to prepare his appeal from his conviction of first degree murder. While here, he filed a complaint in the Superior Court seeking injunctive relief

under the State Civil Rights Act, G. L. c. 12, § 11I, to prevent his return to the United States Prison at Marion, Illinois (U.S.P., Marion), on the ground that the Department of Correction (department) had failed to afford him meaningful and periodic reviews of his classification to a Federal correctional institution in violation of the department's regulations and his due process rights under the State Constitution. The plaintiff also claimed that his return to U.S.P., Marion, would violate his right to be free from cruel or unusual punishment under art. 26 of the Massachusetts Declaration of Rights because of the allegedly contaminated water supply at that facility. While the plaintiff's complaint was pending, he was returned by the department to U.S.P., Marion, whereupon the plaintiff filed a motion that he be returned to Massachusetts. The commissioner responded with a motion to dismiss or for summary judgment. The Superior Court judge granted summary judgment in favor of the commissioner on the grounds that the regulation referred to by the plaintiff, 103 Code Mass. Regs. § 420.09 (1987), does not apply to inmates in out-of-state or Federal prisons and that the State could not be held responsible for conditions at U.S.P., Marion. We conclude the judge was incorrect in ruling that the department's regulations do not apply to a State prisoner transferred to the Federal system but correct in ruling that the State could not be held accountable for any alleged harm to the plaintiff arising from his placement at the Federal prison in Marion. Consequently, we reverse only that portion of the judgment dismissing the plaintiff's claim based on the department's regulations and remand to the Superior Court for proceedings consistent with this opinion.

1. *Periodic review of classification of State inmates to Federal prisons.* The plaintiff asserts that he is entitled to the same meaningful and periodic review of his classification to a Federal prison which is afforded inmates housed in Massachusetts prisons and that the department's denial of this review violated his due process rights under the State Constitution. Because we conclude that the department's regulation, 103 Code Mass. Regs. § 420.09 (1992), requiring peri-

odic classification review, applies to a State prisoner transferred to a Federal prison, we need not decide whether periodic review is also required by the State Constitution. Cf. *Harris* v. *Commissioner of Correction*, 409 Mass. 472, 476-478 & n.7 (1991)(the transfer of a Massachusetts inmate to a Federal prison does not trigger any liberty interest under the Federal Constitution or as created by State statute or regulation; however, question whether the scope of a prisoner's liberty interest may be broader under the State Constitution reserved).

The department is bound by its own regulations. *Royce* v. *Commissioner of Correction*, 390 Mass. 425, 427 (1983). The department has promulgated regulations governing the classification of State prisoners. 103 Code Mass. Regs. §§ 420.00 et seq. (1992). Those regulations expressly provide that they shall apply to "all inmates at state, county and federal correctional institutions who are serving a sentence imposed by the state of Massachusetts." 103 Code Mass. Regs. § 420.04 (1992). While the department concedes that the regulations are applicable to the original transfer of an inmate to a Federal correctional institution under G. L. c. 127, § 97A, see *Blake* v. *Commissioner of Correction*, 390 Mass. 537 (1983), the department argues that the specific regulation which provides for subsequent classification board hearings, 103 Code Mass. Regs. § 420.09, applies only to inmates who remain in the physical custody of the department in Massachusetts. Specifically, this regulation provides that "[e]ach inmate's case shall be reviewed at least once every six months subsequent to initial classification, [and] [s]uch reviews shall be conducted in accordance with 103 [Code Mass. Regs. §] 420.08(6)(a) through (h)." The regulations under 103 Code Mass. Regs. § 420.08(6)(a)-(h) (1992) provide, inter alia, for oral notice of a hearing to the inmate; presentation by an assigned correction counselor of the inmate's prior history, present adjustment, current needs and program plan; opportunity for the inmate to make a presentation; and the right of appeal from the classification board's recommendation. Admittedly, these procedures envisage the

presence of an inmate housed in Massachusetts, but this does not overcome the plain language of 103 Code Mass. Regs. § 420.04, which specifically provides that the regulations shall apply to "all inmates at state, county, and federal correctional institutions who are serving a sentence imposed by the state of Massachusetts." Moreover, providing periodic review of whether a Massachusetts inmate transferred to a Federal prison should be returned to a Massachusetts correctional institution is in keeping with the stated goals of the classification system of enhancing the potential for inmates' reintegration to a successful law-abiding community life and involvement of the inmate in determining the nature and direction of his individualized goals. 103 Code Mass. Regs. § 420.07 (1992).

We recognize, however, that the procedures for providing periodic reviews in accordance with 103 Code Mass. Regs. § 420.08(6)(a)-(h) will have to be modified to take into account the inmate's out-of-State location. Of necessity, notices may have to be given in writing; the correctional counselor's presentation may have to be limited to the information provided in the progress reports furnished by the Federal correctional facility; the inmate's presentation may have to be made in writing or by telephonic means; and allowances may have to be made for the mailing of decisions and the filing of appeals.

The department also argues that this case is moot because the department has been voluntarily conducting periodic reviews of the plaintiff's classification in accordance with the department's regulations. The motion judge acknowledged in his decision that the department had conducted two such classification hearings since the plaintiff's transfer to the Federal system. In his verified pleading, the plaintiff denies that any reviews have been conducted. Consequently, at the present juncture, summary judgment is inappropriate because there exists a contested, material issue of fact. The case must be remanded to determine if the department is affording the plaintiff periodic reviews of his classification to a Federal prison as required by the regulations.

2. *Claim for cruel or unusual punishment.* The plaintiff argues that his return to U.S.P., Marion, by the defendant violated his right to be free from cruel or unusual punishment under art. 26 of the Massachusetts Declaration of Rights because of the contaminated drinking water at U.S.P., Marion. The plaintiff submitted affidavits and other documents showing that the water supply at U.S.P., Marion, contains high levels of carcinogens, which particularly threatened the health of the plaintiff, who had previously been treated for bladder cancer. The defendant did not submit any affidavits to refute the plaintiff's assertions. The motion judge ruled that the defendant could not be held liable as matter of law since the defendant had not placed the plaintiff at U.S.P., Marion, and was not responsible for the conditions at that prison. We concur.

Polluted water which threatens an inmate's health may constitute cruel and unusual punishment under the Eighth Amendment to the United States Constitution. See *Jackson* v. *Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). "[R]ights guaranteed under art. 26 [of the Massachusetts Declaration of Rights] are at least equally as broad as those guaranteed under the Eighth Amendment." *Michaud* v. *Sheriff of Essex County*, 390 Mass. 523, 534 (1983). In order to establish liability, the plaintiff must prove deliberate or reckless indifference on the part of the defendant in exposing the plaintiff to the danger. See *Miga* v. *Holyoke*, 398 Mass. 343, 349-352 (1986); *Clemmons* v. *Bohannon*, 956 F.2d 1523, 1528-1529 (10th Cir. 1992). Once the defendant transferred the plaintiff to the custody of the Federal correctional officials, the defendant had no control over where the plaintiff was to be placed. See 28 C.F.R. § 524.12 (1992). Consequently, it cannot be said that the defendant acted with deliberate or reckless indifference in exposing the plaintiff to this alleged harm. The judge properly ruled that any such claim lies against the Federal government, which placed the defendant at U.S.P., Marion.

In conclusion, we reverse so much of the judgment as holds the department's regulations relative to subsequent

classification hearings do not apply to a Massachusetts inmate transferred to an out-of-State or Federal prison and remand the case to the Superior Court for further proceedings consistent with this opinion. We affirm so much of the judgment as dismisses the claim based on a violation of art. 26 of the Massachusetts Declaration of Rights.

*So ordered.*