**John D. DUNCAN, Appellant,**

v.

**Paul J. MADIGAN, Warden, United States Penitentiary, Alcatraz, California, Appellee.**

**No. 16556.**

United States Court of Appeals Ninth Circuit.

May 16, 1960.

Robert L. Harmon, San Francisco, Cal., for appellant.

Lynn J. Gillard, U. S. Atty., John Kaplan, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before POPE, JERTBERG and KOELSCH, Circuit Judges.

PER CURIAM.

Appellant, convicted of a criminal offense in a court of the State of Maine, is a prisoner at Alcatraz federal prison where he is held pursuant to a contract between that state and the United States, executed under the authority of 18 U.S.C. § 5003, which provides in pertinent part as follows:

"(a) The Attorney General, when the Director shall certify that proper and adequate treatment facilities and personnel are available, is hereby authorized to contract with the proper officials of a State * * * for the custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State * * * : Provided, That any such contract shall provide for reimbursing the United States in full for all costs or other expenses involved."

A Maine statute authorized the appropriate state officers to contract with the Attorney General of the United States for the care, custody, subsistence, education, treatment and training of certain prisoners of the state. § 32–A, Ch. 27, Revised Statutes of Maine.

Appellant attacked his detention by the appellee Warden by petition for habeas corpus which was denied in the court below. On this appeal he does not question the fact that he comes within the terms of the Maine statute, but he asserts (1) that § 5003, supra, by its terms, applies only to youthful offenders, and (2) that that section is void and unconstitutional as beyond the delegated powers of the federal government.[1]

▄▄ We reject both contentions. It is true that after § 5003 was first enacted

in 1952 as Chapter 253, Public Law 333, it found its way into Title 18 as § 5003, not far from § 5001, relating to persons under twenty-one years of age, and §§ 5005 to 5026, which compose the Youth Corrections Act. But nothing in the text or title of the section here involved, as enacted, makes any such limitation, and § 19 of the Act of June 25, 1948, 18 U.S.C. following section 5037, which enacted the new Title 18, provided that "No inference of a legislative construction is to be drawn by reason of the chapter in Title 18, Crimes and Criminal Procedure, as set out in section 1 of this Act, in which any particular section is placed, nor by reason of the catchlines used in such title." As for § 5003, no act of Congress gave it that number.

▄▄ The argument that power to confine state prisoners, or to enact § 5003, has never been delegated by the Constitution to Congress, and that no such power can be implied, finds no support in any adjudicated cases, and we think finds no basis in reason. That under our dual form of government there may be a pooling of state and federal power for cooperative action, to the end that the public welfare of both state and nation may be simultaneously promoted, where both have a common concern, is now well settled. See Hoke v. United States, 227 U.S. 308, 322, 33 S.Ct. 281, 57 L.Ed. 523; Carmichael v. Southern Coal Co., 301 U.S. 495, 526, 57 S.Ct. 868, 81 L.Ed. 1245; United States v. Bekins, 304 U.S. 27, 53–54, 58 S.Ct. 811, 82 L.Ed. 1137; Prudential Ins. Co. v. Benjamin, 328 U.S. 408, 435, 439, 66 S.Ct. 1142, 90 L.Ed. 1342; Helvering v. Davis, 301 U.S. 619, 644, 57 S.Ct. 904, 81 L.Ed. 1307. The Carmichael and the Bekins cases, supra, both involved state-federal contracts which permitted the federal government to exercise powers residing in the states.

▄▄ Additional contentions that appellant was entitled to be heard with respect to his place of custody, and that

---

1. Since appellant here complains, not of state action, but of the federal deten-

tion, the case of Pratt v. Hagan, 3 Cir., 273 F.2d 956, is not apposite.

his transfer denied him equal protection of the law are without basis and have no merit.

The decision of the district court is affirmed.