LOUIS LADETTO *vs.* COMMISSIONER OF CORRECTION & another.[1] November 8, 1977. This is an appeal from an order of a single justice denying a petition for a writ of habeas corpus. There was no error. The petitioner seeks unconditional release from incarceration. While serving a life sentence for second degree murder at the Massachusetts Correctional Institution at Walpole (M.C.I. Walpole), Ladetto was transferred pursuant to G. L. c. 127, § 97A, to the Federal prison at Leavenworth, Kansas. He has since been returned to M.C.I. Walpole. The petitioner claims that his removal from the Commonwealth without the Governor's specific consent amounted to a pardon. The Constitution of Massachusetts provides, however, that the pardoning power rests solely in the Governor by and with the advice of the Council. See Part II, c. 2, § 1, art. 8, of the Massachusetts Constitution, as amended by art. 73 of the Amendments. Concurrent exercise of that power by both is necessary. *Opinion of the Justices,* 210 Mass. 609, 611 (1912). The petitioner further asserts that, by removing him from the Commonwealth, the State "lost jurisdiction" over him. He therefore challenges the legitimacy of all incarceration subsequent to his departure for Leavenworth. In G. L. c. 127, § 97A, the Legislature has specifically provided that Massachusetts should retain jurisdiction over prisoners transferred to Federal prisons. Transferred prisoners remain "subject

---

[1] Acting Superintendent, Massachusetts Correctional Institution at Walpole.

to the terms of their original sentences to the state prison and to the provisions of law governing discharge and parole from the correctional institutions of the commonwealth." G. L. c. 127, § 97A, inserted by St. 1968, c. 624. See also New England Interstate Corrections Compact, St. 1962, c. 753, § 2, art. IV (c) (inmates transferred to prisons of other States "shall at all times be subject to the jurisdiction of the sending state"). Moreover, judicial precedent supports the validity of out-of-State transfers to Federal prisons made pursuant to statutory provisions similar to G. L. c. 127, § 97A. *Dwyer* v. *State,* 449 P.2d 282, 283-284 (Alas. 1969). *Duncan* v. *Ulmer,* 159 Me. 266, 282 (1963). Cf. *Rebideau* v. *Stoneman,* 398 F. Supp. 805 (D. Vt. 1975); *Hoitt* v. *Vitek,* 361 F. Supp. 1238 (D.N.H. 1973), aff'd 497 F.2d 598 (1st Cir.), aff'd without opinion sub nom. *Laaman* v. *Vitek,* 502 F.2d 1158 (1st Cir. 1974). The petitioner alleges that his transfer was not carried out in accordance with G. L. c. 127, § 97A. We need not reach this question because Ladetto has been returned to M.C.I. Walpole — which is all the relief he might have been entitled to if the transfer had been procedurally defective. See *Gomes* v. *Travisono,* 490 F.2d 1209, 1216 (1st Cir. 1973), cert. denied, 418 U.S. 910 (1974).

*Judgment affirmed.*

The case was submitted on briefs.

*Louis Ladetto,* pro se.

*Francis X. Bellotti,* Attorney General, *Stephen R. Delinsky & Michael C. Donahue,* Assistant Attorneys General, for the defendants.