ALBERT BLAKE & others[1] vs. COMMISSIONER OF CORRECTION
& others.[2]

Suffolk.   November 7, 1983. — December 6, 1983.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Imprisonment. Administrative Law*, Regulations.

An inmate in a Massachusetts correctional institution may not lawfully be
    transferred to a Federal correctional institution in another State unless
    the Department of Correction has first afforded the inmate the pro-
    cedural rights set forth in the Department's regulations concerning the
    reclassification of inmates to higher custody status.  [537-539]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 14, 1981.

A motion for summary judgment was heard by *Garrity*, J.

After review was sought in the Appeals Court, the
Supreme Judicial Court ordered direct appellate review on
its own initiative.

*William D. Luzier, Jr.*, Assistant Attorney General, for
the defendants.

*Barry Barkow* (*Judith A. Stalus* with him) for the plaintiffs.

WILKINS, J.  We agree with the determination of a judge
of the Superior Court that, under regulations of the Depart-
ment of Correction (department), an inmate in a
Massachusetts correctional institution may not lawfully be
transferred to a Federal correctional institution in another
State unless the department has first afforded the inmate the

---

[1] William Corgain, Clayton Libby, Albert Little, George Nassar, Gor-
don O'Brien, Francis Stewart, and David Weichel.

[2] William Hogan, the Commissioner of Correction from September,
1979, through September, 1980, and Charles Fenton, a consultant to the
Department of Correction.

procedural rights set forth in the department's regulations concerning the reclassification of inmates to higher custody status. We, therefore, affirm the partial summary judgment that in effect ordered the Commissioner of Correction to return the "plaintiffs to Massachusetts Correctional Facilities forthwith."[3]

The facts are not in dispute, although from the information in the record appendix we cannot determine precisely what facts were uncontested on the record before the motion judge.[4] The plaintiffs were serving sentences in Massachusetts prisons when, in the summer of 1980, they were transferred to Federal custody without first being afforded reclassification hearings. When the department is considering the transfer of an individual to a higher custody status, various procedures must be followed before the transfer may be made. 103 Code Mass. Regs. 420.13 (1978). For example, the inmate is given the right to attend classification board meetings and an opportunity to present his position. He is entitled to notice of the transfer decision, and the reasons for it, and he may object to the initial decision. 103 Code Mass. Regs. 420.13 (2) (1978). Transfer to a "higher custody status" is defined to include "[a] transfer to another state." 103 Code Mass. Regs. 420.01 (10) (1978).

The defendants acknowledge the department's obligation to comply with its own regulations (see *Royce* v. *Commissioner of Correction, ante* 425, 427 [1983]), but argue that the words "transfer to another state" apply only to the transfer of an inmate to a correctional facility operated by

---

[3] The partial summary judgment was amended to state that there was no just reason for delay in its entry (Mass. R. Civ. P. 54 (b), 365 Mass. 820 (1974), thus permitting the defendants to appeal immediately upon its entry. We transferred the appeal here on our own motion.

We are advised by the plaintiffs' brief that a Justice of the Appeals Court allowed a partial stay of the judgment, that one plaintiff has been released from custody, and that three plaintiffs have been returned to Massachusetts prisons and classified to various facilities.

[4] The defendants' answer to the complaint is not in the appendix.

The Commissioner of Correction has statutory authority to transfer State prisoners to Federal custody. G. L. c. 127, § 97A.

another State and not to a transfer to a Federal facility in another State. Literally and logically, the transfer of an inmate to a Federal prison in another State is a "transfer to another state." The defendants advance no reason, and we can think of no logical reason, why an inmate should have the procedural protections of the regulations when transfer to the custody of the correction department of another State is contemplated and should have no procedural protections when transfer to Federal custody in another State is contemplated. A transfer of an inmate out of the Commonwealth has the same disadvantages of distance whether the out-of-State facility is operated by a State or by the Federal government. Our interpretation of the regulation is consistent with the expressed "Goals and Objectives" of the classification system, one of which is that "the classification system provides for maximum involvement of the individual in determining the nature and direction of [his] own goals, and a mechanism for appealing administrative decisions affecting him." 103 Code Mass. Regs. 420.02 (1) (e) (1978).

References to "other states or the federal system" in another portion of the department's classification regulations (103 Code Mass. Regs. 420.03 [2] [a] [1978]) do not require our rejection of the normal meaning of the words "to another state." There was nothing before the motion judge to show, as now argued, that the department's consistent interpretation of its regulations has been that the procedural protections of the regulations do not apply to an inmate transferred to Federal custody. Thus we need not consider whether we would resort to such an interpretation as a guide to construing the regulation.

*Partial summary judgment
affirmed.*