J. Michael Quinlan, Gary L. Henman, Mayor, Washington, D.C., respondents.

Mark Miller, Leavenworth, Kan., pro se.

**Mark MILLER, Petitioner,**

v.

**Richard P. THORNBURGH, et al., Respondents.**

**No. 90–3518–R.**

United States District Court, D. Kansas.

Jan. 25, 1991.

### ORDER

ROGERS, District Judge.

The matter before the court is a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, a prisoner from the District of Columbia, is currently serving his sentence at United States Penitentiary, Leavenworth, Kansas (USPL). Petitioner claims he is being wrongfully held by federal authorities because his transfer from a District of Columbia prison to USPL was not authorized under the United States Constitution. Petitioner also

claims he is entitled to immediate release because the District of Columbia, in unlawfully transferring him to the federal institution, lost all jurisdiction over petitioner. Respondents have filed an answer and return. Petitioner has filed a traverse. Having reviewed the material filed in this case, the court makes the following findings and order.

*Exhaustion of remedies*

■ Respondents contend petitioner is barred from pursuing federal habeas relief because he has failed to exhaust all available remedies prior to filing the instant petition. In the present case, petitioner proceeds under 28 U.S.C. § 2241 and uses 18 U.S.C. § 4001 to challenge the legality of his confinement at USPL. That statute provides, in part, that "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a). In the recent United States Supreme Court case addressing transfer of a state prisoner to a federal penitentiary, *Howe v. Smith,* also based on a challenge under § 4001, the case was filed as an action for injunctive and declaratory relief under 28 U.S.C. §§ 1346, 1361, 2201 and 2202. *Howe v. Civiletti,* 480 F.Supp. 111, 112 (D.Vt.1979), *aff'd* 625 F.2d 454 (2nd Cir.1980), *aff'd sub nom. Howe v. Smith,* 452 U.S. 473, 101 S.Ct. 2468, 69 L.Ed.2d 171 (1981). The United States Supreme Court noted the plain language of § 4001 encompassed illegal detention of a state prisoner by federal authorities. 452 U.S. at 479, n. 3, 101 S.Ct. at 2473, n. 3.

The court notes that respondents cite several cases as authority for requiring exhaustion of all administrative remedies before a petitioner can seek habeas relief under § 2241. The court finds the cited authority more accurately describes actions filed under 28 U.S.C. § 1331, under which a federal prisoner complains of constitutional violations in his treatment at the prison, and significantly, where the prison administrative grievance procedure can provide relief and thus avoid the need for a civil action.

Respondents' reference to the Bureaus of Prison's administrative grievance procedure, 28 C.F.R. Part 542, further highlights that administrative remedies must be exhausted when considering issues involving control and management of the federal prison. Federal courts clearly distinguish between issues which address the supervisory discretion by prison officials and issues which raise questions about the legality of the confinement. *See e.g., Williams v. Steele,* 194 F.2d 32, 34 (8th Cir.1952) *cert. denied,* 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640 (1952) (court not to interfere with supervisory discretion over management and discipline of prisoners, but has authority under habeas corpus to release those illegally detained).

In the present case, petitioner challenges the underlying constitutional validity of the basis for his incarceration in a federal prison. Relief through the federal prison administrative grievance procedure would be so unlikely that to require such exhaustion would serve only as an obstructive formality.

Given the facts and allegations in the present case, the petition will not be dismissed for failure to exhaust administrative remedies.

As a related matter, however, the proper respondent for petitioner's habeas action is Gary Henman, warden at USPL, because he is petitioner's present custodian. 28 U.S.C. § 2242. *See Guerra v. Meese,* 786 F.2d 414, 416 (D.C.Cir.1986) (attorney general not an appropriate respondent in habeas petition). The court finds it appropriate to dismiss from this action all named respondents other than respondent Henman.

*Legality of the transfer*

■ Petitioner's claim rests on his contention that his transfer from the District of Columbia to a federal penal institution was not authorized under the compact clause in the constitution. U.S. Constitution, Art. 1, Section 10, Clause 3. Petitioner correctly reasons that the compact clause addresses agreements between the states, territories and the District of Columbia, but does not anticipate the United States government as a party to such an

agreement. The most notable and relevant example of such an agreement is the Interstate Corrections Compact, 4 U.S.C. § 112(a), providing for intergovernmental agreements between states in furtherance of law enforcement activities. Petitioner incorrectly assumes, however, that his transfer to USPL was effected by an agreement under the compact clause.

It is clear to the court that the authority for petitioner's transfer to USPL is statutory, under 18 U.S.C. § 5003. This statute, titled "Custody of State Offenders," authorizes the attorney general to "contract with proper officials of a State or Territory for the custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State or Territory ..." There can be no dispute that Congress was within its power to authorize such state-federal contracts. *See U.S. ex rel. Gereau v. Henderson*, 526 F.2d 889, 894 (5th Cir. 1976); *Duncan v. Madigan*, 278 F.2d 695, 696 (9th Cir.1960).

The record contains a copy of the agreement, entitled "Memorandum and Understanding," under which petitioner was transferred to USPL. The court finds the agreement, authorized by D.C.Code 24–425, sufficiently satisfies § 5003. The court further finds there is no merit to petitioner's claim that the agreement does not constitute a contract under § 5003. The court rejects petitioner's argument that § 5003 should be read so restrictively so as to invalidate an agreement like the one at issue in this case.

Given there was lawful authority for the District of Columbia to contract for petitioner being held in federal custody, there is no basis for petitioner's claim that he currently is falsely imprisoned under 18 U.S.C. § 4001. As well, the court finds that because the transfer to federal custody was authorized and lawful, there is no merit in petitioner's claim that the District of Columbia lost all jurisdiction when it transferred petitioner to USPL. Petitioner's reliance on cases such as *Shields v. Beto*, 370 F.2d 1003 (5th Cir.1967) is misplaced because the present case does not involve extradition of a prisoner to serve a sentence imposed by a separate jurisdiction. Accordingly,

IT IS ORDERED that the petition be dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Order to petitioner and to the office of the United States Attorney.