Robert JOYNER, Petitioner,

v.

Gary L. HENMAN, et al., Respondents.

No. 90–3491–R.

United States District Court,
D. Kansas.

Jan. 25, 1991.

Robert Joyner, Leavenworth, Kan., pro se.

### ORDER

ROGERS, District Judge.

The matter before the court is a petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241. Petitioner, a state prisoner from the state of Pennsylvania, is currently serving his sentence at United States Penitentiary, Leavenworth, Kansas (USPL). Petitioner claims he is being wrongfully held by federal authorities because his transfer from a state facility to USPL was not authorized under the United States Constitution. Petitioner also claims he is entitled to immediate release because Pennsylvania, in unlawfully transferring him to the federal institution, lost all jurisdiction over petitioner. Respondents have filed an answer and return. Petitioner has filed a traverse. Having reviewed the material filed in this case, the court makes the following findings and order.

*Exhaustion of remedies*

Respondents contend petitioner is barred from pursuing federal habeas relief because he has failed to exhaust all available remedies prior to filing the instant petition. This is not an easy issue to resolve because it is difficult to characterize a challenge to the legality of confinement by a state prisoner in federal custody.

Such complaints have been filed independent of the habeas statutes. In the present case, petitioner uses 18 U.S.C. § 4001 to challenge the legality of his confinement at USPL. That statute provides, in part, that "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a). In the recent United States Supreme Court case addressing transfer of a state prisoner to a federal penitentiary, *Howe v. Smith,* also based on a challenge under § 4001, the case was filed as an action for injunctive and declaratory relief under 28 U.S.C. §§ 1346, 1361, 2201 and 2202. *Howe v. Civiletti,* 480 F.Supp. 111, 112 (D.Vt.1979), *aff'd* 625 F.2d

454 (2nd Cir.1980), *aff'd sub nom. Howe v. Smith*, 452 U.S. 473, 101 S.Ct. 2468, 69 L.Ed.2d 171 (1981). The United States Supreme Court noted the plain language of § 4001 encompassed illegal detention of a state prisoner by federal authorities. 452 U.S. at 479, n. 3, 101 S.Ct. at 2473, n. 3.

As a federal habeas action, such a complaint does not fall squarely within 28 U.S.C. § 2241 or § 2254. If the complaint were focused solely on state error in the transfer, or wrongful detention by federal authorities, it would be easier to conclude the petition sounded more in § 2254 or in § 2241. Petitioner, however, pursues both claims in the present petition, although it appears his primary challenge is directed at the authority for his federal detention.

Given the liberality used in reading pro se petitions, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the court finds it inappropriate to strictly characterize petitioner's complaint as a habeas action filed by a state prisoner under § 2254, and therefore, will not impose the exhaustion requirements of that statute. Under the facts presented in this case, the court finds it more appropriate to treat the petition as arising under § 2241. As stated in *Price v. Johnston*, 334 U.S. 266, 283, 68 S.Ct. 1049, 1059, 92 L.Ed. 1356 (1948), "the writ of habeas corpus should be left sufficiently elastic so that a court may, in the exercise of its proper jurisdiction, deal effectively with any and all forms of illegal restraint." For comparison, *see Esposito v. Mintz*, 726 F.2d 371, 373, n. 4 (7th Cir. 1984) (§ 2254 is jurisdictional basis for challenge to validity of Interstate Agreement on Detainers; § 2241 appropriate if federal confinement challenged).

■ Turning to exhaustion requirements for filing a petition under § 2241, the court notes that respondents cite several cases as authority for requiring exhaustion of all administrative remedies before a petitioner can seek habeas relief under § 2241. The court finds the cited authority more accurately describes actions filed under 28 U.S.C. § 1331, under which a federal prisoner complains of constitutional violations in his treatment at the prison, and significantly, where the prison administrative grievance procedure can provide relief and thus avoid the need for a civil action.

Respondents' reference to the Bureau of Prison's administrative grievance procedure, 28 C.F.R. Part 542, further highlights that administrative remedies must be exhausted when considering issues involving control and management of the federal prison. Federal courts have clearly distinguished between issues which address the supervisory discretion by prison officials and issues which raise questions about the legality of the confinement. *See e.g., Williams v. Steele*, 194 F.2d 32, 34 (8th Cir.), *cert. denied* 344 U.S. 822, 73 S.Ct. 20, 97 L.Ed. 640 (1952) (court not to interfere with supervisory discretion over management and discipline of prisoners, but has authority under habeas corpus to release those illegally detained).

In the present case, petitioner challenges the underlying constitutional validity of the basis for his incarceration in a federal prison. Relief through the federal prison administrative grievance procedure would be so unlikely that to require such exhaustion would serve only as an obstructive formality.

Given the facts and allegations in the present case, the petition will not be dismissed for failure to exhaust administrative remedies.

■ As a related matter, however, the proper respondent for petitioner's habeas action is Gary Henman, warden at USPL, because he is petitioner's present custodian. 28 U.S.C. § 2242. *See Guerra v. Meese*, 786 F.2d 414, 416 (D.C.Cir.1986) (attorney general not an appropriate respondent in habeas petition). The court finds it appropriate to dismiss from this action all named respondents other than respondent Henman.

*Legality of the transfer*

■ Petitioner's claim rests on his contention that his transfer from a state to a federal penal institution was not authorized under the compact clause in the constitution. U.S. Constitution, Art. 1, Section 10,

Clause 3. Petitioner correctly reasons that the compact clause addresses agreements between the states, territories and the District of Columbia, but does not anticipate the United States government as a party to such an agreement. The most notable and relevant example of such an agreement is the Interstate Corrections Compact, 4 U.S.C. § 112(a), providing for intergovernmental agreements between states in furtherance of law enforcement activities. Petitioner incorrectly assumes, however, that his transfer to USPL was effected by an agreement under the compact clause.

 It is clear to the court that the authority for petitioner's transfer to USPL is statutory, under 18 U.S.C. § 5003. This statute, titled "Custody of State Offenders," authorizes the attorney general to "contract with proper officials of a State or Territory for the custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State or Territory ..." There can be no dispute that Congress was within its power to authorize such state-federal contracts. *See U.S. ex rel. Gereau v. Henderson*, 526 F.2d 889, 894 (5th Cir. 1976); *Duncan v. Madigan*, 278 F.2d 695, 696 (9th Cir.1960).

Petitioner attempts to (1) invalidate § 5003 as authority for his transfer, and (2) demonstrate his transfer under the interstate corrections compact violated the compact clause. The court rejects both claims.

First, the record contains a copy of the intergovernmental agreement between Pennsylvania and the federal government which authorized petitioner's transfer. The court finds the agreement sufficiently satisfies the dictate of § 5003. Petitioner mistakenly reads successive agreements, such as the one submitted by petitioner signed May 1990, as evidence that prior agreements were not authorized.

Second, as petitioner acknowledges, the compact clause reaches only to agreements between states. An agreement between the federal government and a state, therefore, is not restricted by the compact clause. Also, because petitioner's transfer did not occur under Pennsylvania's statutory adoption of the Interstate Corrections Compact, any alleged error in that statute regarding the status of the federal government is not relevant to this action.

Given there was lawful authority for the state of Pennsylvania to contract for petitioner being held in federal custody, there is no basis for petitioner's claim that he currently is falsely imprisoned. As well, the court finds that because the transfer to federal custody was authorized and lawful, there is no merit in petitioner's claim that the state of Pennsylvania lost all jurisdiction when it transferred petitioner to USPL. Petitioner's reliance on *Shields v. Beto*, 370 F.2d 1003 (5th Cir.1967) is misplaced as that case is clearly distinguishable in fact and in law from the present case. Accordingly,

IT IS ORDERED that the petition be dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Order to petitioner and to the office of the United States Attorney.