Terry **SCHERTZ,** Appellant,

v.

Crispus **NIX; Jim Helling; John Henry; John Emmett; Paul Hedgepeth,** Appellees.

No. 91–3715.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 10, 1992.

Decided Sept. 25, 1992.

Terry Schertz, pro se.

William A. Hill, Des Moines, Iowa, argued, for appellees.

Before McMILLIAN, JOHN R. GIBSON and BEAM, Circuit Judges.

McMILLIAN, Circuit Judge.

Terry Schertz, an Iowa inmate, appeals from a final order entered in the District Court[1] for the Southern District of Iowa granting defendant prison officials summary judgment in this 42 U.S.C. § 1983 action. For the reasons discussed below, we affirm.

Schertz alleged that he had been confined in the disciplinary detention unit of the Iowa State Penitentiary (ISP) to serve a twenty-two year sentence for disciplinary rule violations. In May 1987, he was transferred under 18 U.S.C. § 5003[2] to Marion Federal Prison (Marion). While at Marion, Schertz was placed in the general population until he requested to be placed in their lockup unit. In December 1988, Schertz was returned to ISP and placed in the disciplinary detention unit to complete the sanctions previously imposed. Schertz claimed he should not have been placed into disciplinary detention upon his return to ISP. Schertz sought injunctive relief and damages.

Schertz, with the assistance of appointed counsel, then filed an amended state postconviction petition asserting that he should be placed in the general population at ISP because his release to the general population at Marion terminated his Iowa lockup time. Defendants then moved for a stay in this case pending exhaustion of state court remedies under *Offet v. Solem*, 823 F.2d 1256 (8th Cir.1987). The district court granted the stay.

The state court denied Schertz postconviction relief. The state court found that Schertz was not in the general population at Marion when he was transferred back to ISP and that Schertz's assertion that Marion officials would have returned him to the general population at his request was speculative. The state court noted that Schertz did not contend that his transfer to Marion negated the remainder of any unserved Iowa disciplinary time, only that he was

---

1. The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

2. Title 18 U.S.C. § 5003(a)(1) provides that the "Director of the Bureau of Prisons ... may contract with proper officials of a State or territory, for the custody, care, subsistence, education, treatment, and training of persons convicted of criminal offenses in the courts of such State or territory."

entitled to continue the general population status he enjoyed at Marion. The state court concluded that Schertz did not prove he was entitled to be placed in the general population at ISP upon his return from Marion. The Iowa Supreme Court denied Schertz's petition for certiorari. Once Schertz had exhausted his state remedies, the district court lifted the stay.

Defendants moved for summary judgment on the ground that Schertz's claim was barred by collateral estoppel. Schertz responded that he did not receive a fair state court hearing because his court-appointed attorney was ineffective. The district court concluded that the issue raised in this § 1983 complaint was identical to the issue raised in the state postconviction proceeding, that the issue was material and relevant to Schertz's claim that he was illegally held in disciplinary detention upon his return to ISP, and that the state court's determination that Schertz had failed to establish a denial of his liberty interest was necessary and essential to the denial of his postconviction application. For these reasons, and because defendants were connected in interest with the defendant in the state postconviction proceeding, the district court held that issue preclusion, or collateral estoppel, was appropriate. The district court also concluded that Schertz did not litigate the issue of whether his transfer to federal prison, per se, satisfied his prior disciplinary sentence at the state prison. The district court concluded that Schertz's transfer did not implicate his due process rights and did not satisfy the discipline previously imposed at ISP.

Schertz appeals, arguing that his release into the general population at Marion negated the remainder of his Iowa disciplinary lockup time and that, because he received ineffective assistance of counsel during the state postconviction proceedings, the district court should decide this case on the merits.

■ We agree with the district court that Schertz's claim that he was entitled to be placed in the general population at ISP is barred by collateral estoppel. The issue was actually litigated in the state postcon-

viction proceeding and is entitled to the same preclusive effect in the 42 U.S.C. § 1983 action as would have been available in the state where the judgment was rendered. *See Gross v. Heikien*, 957 F.2d 531, 532 (8th Cir.1992) (quoting *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 83, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984)), *petition for cert. filed*, No. 92–5135 (U.S. July 6, 1992). Under Iowa law, Schertz's § 1983 claims would be barred by his unsuccessful state postconviction proceeding. *See Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981).

■ To the extent that Schertz asserts that his Iowa disciplinary detention lockup time was negated by his transfer to Marion and subsequent placement in the general population, this court's decision in *Pletka v. Nix*, 957 F.2d 1480 (8th Cir.1992) (en banc), *petition for cert. filed*, No. 91–8681 (U.S. May 28, 1992), confirms that it was not. Although Schertz was transferred to a federal prison under § 5003, rather than under the Interstate Corrections Compact, Iowa Code Ann. § 247.2 (West Supp.1992), we conclude the result is the same.

Accordingly, we affirm the district court's decision granting prison officials summary judgment.