[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 For The FIRST CIRCUIT

 

No. 93-1232

 ROBERT G. DELLELO,
 Petitioner,

 v.

 JOSEPH PONTE, ETC., ET AL.,
 Respondents.

 
No. 93-1117

 ROBERT G. DELLELO,
 Petitioner,

 v.

 PAUL MURPHY, ETC.,
 Respondent.
 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MASSACHUSETTS

 [Hon. William G. Young, U.S. District Judge]
 

 

 Before

 Selya, Boudin and Stahl,
 Circuit Judges.
 

 

 Robert G. Dellelo on brief pro se.
 
 A. John Pappalardo, United States Attorney, and Paula J.
 
DeGiacomo, Assistant United States Attorney, on brief for
 
appellee.

 
 September 14, 1993
 

 Per Curiam. Robert G. Dellelo challenges the
 

dismissal of two related petitions for habeas corpus, one

brought under 28 U.S.C. 2241, and the other under 28 U.S.C.

 2254.1 The petitions were dismissed for failure to state

a claim upon which relief could be granted. Petitioner also

assigns as error the district court's failure to hold an

evidentiary hearing and denial of a motion for discovery. We

affirm the district court's judgments. 

 Most of the relevant procedural history was

summarized by the Massachusetts Appeals Court as follows:

 The petitioner is serving a life sentence without
 parole for first degree murder. His conviction and

 sentence have been upheld by the Supreme Judicial
 Court. Commonwealth v. Dellelo, 349 Mass. 525,
 

 [209 N.E.2d 303] (1965). In 1974, the petitioner
 was also sentenced by the United States District

 Court in New Jersey to a term of eighteen years in
 Federal prison for bank robbery [committed while

 petitioner was an escapee from Massachusetts
 prison, which sentence is] to commence after his

 State sentence . . . In February, 1980
 Massachusetts prison officials transferred the

 petitioner from the Massachusetts Correctional

 

1. Petitioner is in a state prison serving a state sentence,
but he alleges that due to a procedurally defective transfer
to federal prison in 1980, the state lost jurisdiction of his
case, and he should be viewed as currently serving a federal
sentence. See note 3 infra. His claim arguably falls within
 
either or both 2241 or 2254. On petitioner's motion, the
district court consolidated the petitions, a procedure which
we think makes good sense, since the petitions assert
identical facts and overlapping legal arguments. 

 -2-

 Institution, Cedar Junction, to the Federal bureau
 of prisons in Lewisburg, Pennsylvania. The

 petitioner was returned to the custody of the
 Massachusetts Department of Corrections on December

 23, 1983. On March 26, 1990, the petitioner filed
 his initial habeas corpus petition [in state court]

 which was dismissed on August 30, 1990. On
 November 15, 1990, he filed a second application

 for a writ of habeas corpus [also in state court].
 In both proceedings, the petitioner contended that

 at the time of his transfer to the Federal prison
 in Lewisburg, in February, 1980, there existed no

 valid contract between the Massachusetts
 Commissioner of Correction and the United States

 Attorney General authorizing a transfer. He
 therefore alleged that under 18 U.S.C. 5003(a)

 and [M.] G.L. c. 127, 97A, his transfer was
 unlawful and the Commonwealth had lost jurisdiction

 over his person and sentence. He requested
 immediate release to the custody of Federal

 authorities. 
 . . .

 The initial petition was dismissed after a hearing
 and [the state court judge dismissed the second

 petition because] there was no showing that the
 ends of justice required another hearing on the

 same issue. 
Dellelo v. Superintendent, Old Colony Correctional Center,
 

No. 91-P-524, slip. op. at 1-2 (Mass. App. Ct. Nov. 12, 1991)
(footnote omitted).2 The Massachusetts Appeals Court

 

2. In addition to the crimes mentioned in the quoted text,
petitioner has also been convicted in state court of unlawful
escape on two occasions, and the following crimes committed
during his escapes: unlawful carrying of a firearm;

 -3-

affirmed the superior court's dismissal, and Dellelo's

application for further review was denied by the Supreme

Judicial Court. Dellelo v. Superintendent, Old Colony
 

Correctional Ctr., 411 Mass. 1105, 1106, 586 N.E.2d 10
 

(1991). 

 The premise of the instant habeas petitions is the

same as that rejected by the state courts. Petitioner argues

that his 1980-83 transfer to federal prison was invalid

because the contract between the state and federal government

authorizing such transfers was not signed by a person whom

petitioner considers a "proper" state official under 18

U.S.C. 5003(a).3 The federal statute authorizes the

Attorney General to contract with "proper officials" of a

state for the custody and care of persons convicted of

criminal offenses in state courts. The corresponding

 

kidnapping; larceny from a person; and unlawful carrying of a
firearm. Sentences for these crimes run "from and after" his
life sentence. In federal court, petitioner was also
convicted of use of a firearm during the bank robbery
mentioned in the text. 

3. From this premise, petitioner further reasons as follows:
the Commonwealth lost jurisdiction over petitioner when it
transferred him (illegally) to federal prison; he thus began
to serve his federal sentence at the time of the transfer;
since a federal sentence cannot be served piecemeal, he
continued to serve that sentence when he was returned to
state prison and, having now served 12 of the 18 years on his
federal sentence without a parole hearing, he is entitled to
immediate release from the federal sentence. We need not
reach each turn in petitioner's reasoning since we reject his
starting premise. 

 -4-

Massachusetts statute authorizes the commissioner of

corrections to enter into such contracts with the approval of

the governor. M.G.L. c. 127, 97A. Petitioner sees

illegality in the fact that William Hogan, the person serving

as commissioner of corrections on the date of petitioner's

transfer, never signed such a contract. Respondent prevailed

in state court on a showing that petitioner's transfer was in

accordance with a contract authorizing such transfers signed

by Commissioner Hogan's predecessor in 1973. 

 The contract's existence, genuineness, scope, term

and coverage, as well as the parties' contracting authority

are largely questions of historical fact. The state court's

determination of these matters is entitled to a "presumption

of correctness" on a petition for habeas corpus under 28

U.S.C. 2254(d). See Marshall v. Lonberger, 459 U.S. 422,
 

432 (1983); Sumner v. Mata, 455 U.S. 591 (1982) (state
 

courts' factual findings are entitled to a "high measure of

deference" unless the findings lack "fair support" in the

record). 

 Section 2254 provides that in the absence of

enumerated circumstances making a hearing mandatory, the

federal court is bound by the state court's findings of

historical fact, unless the petitioner offers convincing

evidence that the findings are erroneous. This rule is

consistent with Townsend v. Sain, 372 U.S. 293, 312 (1963).
 

 -5-

See Leavitt v. Howard, 462 F.2d 992, 995 (1st Cir.), cert.
 

denied, 409 U.S. 884 (1972). We have reviewed the state
 

court record and we agree with the district court that none

of the enumerated circumstances are present.4 The state

court had before it all the facts, including copies of all

relevant contracts and their terms, petitioner was

represented there by counsel, and the court's hearing was as

full as necessary, fair, and adequate to resolve these issues

of contractual interpretation. Petitioner offered in this

proceeding no reason to suppose that he could overcome, by

convincing evidence, the presumption imposed by 2254. See
 

Leavitt, 462 F.2d at 995. 
 

 Insofar as this contract issue may be viewed as a

mixed question of fact and law, petitioner offers no legal

authority nor reasoned argument in support of his unlikely

 

4. The district court's dismissal, styled as one for
"failure to state a claim" was in accordance with Rule 8 of
the Rules Governing 2254 cases, which states that when an
evidentiary hearing is not required, "the judge shall make
such disposition of the petition as justice shall require."
Under Rule 11 the district court has discretion to use the
Federal Rules of Civil Procedure in appropriate cases. Under
the latter rules the dismissal might also have been
characterized as a summary judgment since the court had
before it, in addition to the parties' pleadings, voluminous
exhibits which constituted virtually the entire state court
record. See Fed. R. Civ. P. 12(c), 56. Whatever the
 
nomenclature, however, we are convinced that petitioner was
afforded a reasonable and meaningful opportunity to present
all pertinent evidence and the result, dismissal without an
evidentiary hearing, was correct. 

 -6-

premise.5 In any event, we agree with the Massachusetts

Appeals Court's alternative holding that "even assuming the

absence of a valid contract at the time of petitioner's

transfer . . . which we do not conclude, the petitioner['s] .

. . only remedy for an improper transfer was a return to

state prison, which has already been effected." Dellelo, No.
 

91-P-524, slip op. at 4. This result is supported by state

cases and analogous federal case law. See Blake v.
 

Commissioner of Correction, 390 Mass. 537, 538, 457 N.E.2d
 

281 (1983) (prisoners improperly transferred to federal

correctional facility were properly ordered returned to state

facilities); Ladetto v. Commissioner of Correction, 373 Mass.
 

859, 369 N.E.2d 967 (1977) (a prisoner is not entitled to

pardon of his state sentence nor release from prison

following a procedurally defective transfer to a federal

prison; the proper remedy is a return to state prison); see
 

also Stevenson v. Thornburgh, 943 F.2d 1214, 1214 n.2 (10th
 

Cir. 1991) (any alleged impropriety in execution of prisoner

transfer agreement between state and federal authorities was

rendered moot by the complete performance of all obligations

on both sides). 

 

5. Although petitioner appears pro se, he was represented by
 
counsel in the state court. A perusal of counsel's state
court memoranda and all the papers filed below also reveals
no legal authority or other support for this unusual premise,
and we know of none.

 -7-

 There is no merit to petitioner's contention that

the state lost jurisdiction when it transferred petitioner to

a federal prison. The statutes under which petitioner was

transferred expressly presuppose the continuing vitality of

the state sentence. M.G.L. c. 127, 97A (transferees are

subject to the terms of their original sentences and to the

provisions of law governing discharge); see also Howe v.
 

Smith, 452 U.S. 473, 484 (1981) (purpose of 18 U.S.C. 5003
 

authorizing transfer arrangements is to help states with

insufficient correctional facilities by providing space in

exchange for reimbursement by state for care of state's

prisoners); Schertz v. Nix, 975 F.2d 1382, 1384 (8th Cir.
 

1992) (terms of state disciplinary confinement are not

negated by prisoner's transfer to a federal prison under 18

U.S.C. 5003(a)(1) and placement in general prison

population while there). Petitioner's reliance on cases

such as Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967), and
 

Thompson v. Bannan, 298 F.2d 611, 612 (6th Cir. 1962), cert.
 

denied, 370 U.S. 957 is misplaced. The present case does not
 

involve extradition, a waiver, nor any circumstance

suggesting a relinquishment by the state of its authority to

exact the sentence imposed by its courts. Cf., e.g., Venable
 

v. Thornburgh, 766 F. Supp. 1012 (D. Kan. 1991) (because
 

transfer to federal custody was lawful and authorized under

18 U.S.C. 5003, reliance on extradition cases is

 -8-

misplaced); Joyner v. Henman, 755 F. Supp. 982 (D. Kan. 1991)
 

(same); 

 We also see no merit to petitioner's remaining

assignments of error. The district court did not abuse its

discretion in denying petitioner's motion for discovery in

light of the full state court record and the lack of any

legal basis for petitioner's claim. And the district court

did not err in dismissing petitioner's claim that he was

denied due process or equal protection because he was not

afforded a state administrative hearing prior to the prison

transfer. Whatever the merit of that argument, petitioner

did not assert it in his state court petitions, although he

had every opportunity to do so. "The exhaustion requirement

is not satisfied if petitioner presents new legal theories or

new factual allegations in federal court that transform his

case or cast it in a wholly different light." Carillo v.
 

Brown, 807 F.2d 1094 (1st Cir. 1986) (citing Picard v.
 

Connor, 404 U.S. 270, 275 (1971)).
 

 Accordingly, we deny the petition for a certificate
 

of probable cause to appeal the dismissal under 28 U.S.C. 

2254, and we affirm the judgment of district court dismissing
 

the petition under 28 U.S.C. 2241.

 -9-