USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS For The FIRST CIRCUIT ___________________ No. 93-1232 ROBERT G. DELLELO, Petitioner, v. JOSEPH PONTE, ETC., ET AL., Respondents. __________________ No. 93-1117 ROBERT G. DELLELO, Petitioner, v. PAUL MURPHY, ETC., Respondent. __________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ___________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ___________________ Robert G. Dellelo on brief pro se. _________________ A. John Pappalardo, United States Attorney, and Paula J. ___________________ _________ DeGiacomo, Assistant United States Attorney, on brief for _________ appellee. __________________ September 14, 1993 __________________ Per Curiam. Robert G. Dellelo challenges the ___________ dismissal of two related petitions for habeas corpus, one brought under 28 U.S.C. 2241, and the other under 28 U.S.C. 2254.1 The petitions were dismissed for failure to state a claim upon which relief could be granted. Petitioner also assigns as error the district court's failure to hold an evidentiary hearing and denial of a motion for discovery. We affirm the district court's judgments. Most of the relevant procedural history was summarized by the Massachusetts Appeals Court as follows: The petitioner is serving a life sentence without parole for first degree murder. His conviction and sentence have been upheld by the Supreme Judicial Court. Commonwealth v. Dellelo, 349 Mass. 525, ____________ _______ [209 N.E.2d 303] (1965). In 1974, the petitioner was also sentenced by the United States District Court in New Jersey to a term of eighteen years in Federal prison for bank robbery [committed while petitioner was an escapee from Massachusetts prison, which sentence is] to commence after his State sentence . . . In February, 1980 Massachusetts prison officials transferred the petitioner from the Massachusetts Correctional ____________________ 1. Petitioner is in a state prison serving a state sentence, but he alleges that due to a procedurally defective transfer to federal prison in 1980, the state lost jurisdiction of his case, and he should be viewed as currently serving a federal sentence. See note 3 infra. His claim arguably falls within ___ _____ either or both 2241 or 2254. On petitioner's motion, the district court consolidated the petitions, a procedure which we think makes good sense, since the petitions assert identical facts and overlapping legal arguments. -2- Institution, Cedar Junction, to the Federal bureau of prisons in Lewisburg, Pennsylvania. The petitioner was returned to the custody of the Massachusetts Department of Corrections on December 23, 1983. On March 26, 1990, the petitioner filed his initial habeas corpus petition [in state court] which was dismissed on August 30, 1990. On November 15, 1990, he filed a second application for a writ of habeas corpus [also in state court]. In both proceedings, the petitioner contended that at the time of his transfer to the Federal prison in Lewisburg, in February, 1980, there existed no valid contract between the Massachusetts Commissioner of Correction and the United States Attorney General authorizing a transfer. He therefore alleged that under 18 U.S.C. 5003(a) and [M.] G.L. c. 127, 97A, his transfer was unlawful and the Commonwealth had lost jurisdiction over his person and sentence. He requested immediate release to the custody of Federal authorities. . . . The initial petition was dismissed after a hearing and [the state court judge dismissed the second petition because] there was no showing that the ends of justice required another hearing on the same issue. Dellelo v. Superintendent, Old Colony Correctional Center, _______ ________________________________________________ No. 91-P-524, slip. op. at 1-2 (Mass. App. Ct. Nov. 12, 1991) (footnote omitted).2 The Massachusetts Appeals Court ____________________ 2. In addition to the crimes mentioned in the quoted text, petitioner has also been convicted in state court of unlawful escape on two occasions, and the following crimes committed during his escapes: unlawful carrying of a firearm; -3- affirmed the superior court's dismissal, and Dellelo's application for further review was denied by the Supreme Judicial Court. Dellelo v. Superintendent, Old Colony _______ ____________________________ Correctional Ctr., 411 Mass. 1105, 1106, 586 N.E.2d 10 __________________ (1991). The premise of the instant habeas petitions is the same as that rejected by the state courts. Petitioner argues that his 1980-83 transfer to federal prison was invalid because the contract between the state and federal government authorizing such transfers was not signed by a person whom petitioner considers a "proper" state official under 18 U.S.C. 5003(a).3 The federal statute authorizes the Attorney General to contract with "proper officials" of a state for the custody and care of persons convicted of criminal offenses in state courts. The corresponding ____________________ kidnapping; larceny from a person; and unlawful carrying of a firearm. Sentences for these crimes run "from and after" his life sentence. In federal court, petitioner was also convicted of use of a firearm during the bank robbery mentioned in the text. 3. From this premise, petitioner further reasons as follows: the Commonwealth lost jurisdiction over petitioner when it transferred him (illegally) to federal prison; he thus began to serve his federal sentence at the time of the transfer; since a federal sentence cannot be served piecemeal, he continued to serve that sentence when he was returned to state prison and, having now served 12 of the 18 years on his federal sentence without a parole hearing, he is entitled to immediate release from the federal sentence. We need not reach each turn in petitioner's reasoning since we reject his starting premise. -4- Massachusetts statute authorizes the commissioner of corrections to enter into such contracts with the approval of the governor. M.G.L. c. 127, 97A. Petitioner sees illegality in the fact that William Hogan, the person serving as commissioner of corrections on the date of petitioner's transfer, never signed such a contract. Respondent prevailed in state court on a showing that petitioner's transfer was in accordance with a contract authorizing such transfers signed by Commissioner Hogan's predecessor in 1973. The contract's existence, genuineness, scope, term and coverage, as well as the parties' contracting authority are largely questions of historical fact. The state court's determination of these matters is entitled to a "presumption of correctness" on a petition for habeas corpus under 28 U.S.C. 2254(d). See Marshall v. Lonberger, 459 U.S. 422, ___ ________ _________ 432 (1983); Sumner v. Mata, 455 U.S. 591 (1982) (state ______ ____ courts' factual findings are entitled to a "high measure of deference" unless the findings lack "fair support" in the record). Section 2254 provides that in the absence of enumerated circumstances making a hearing mandatory, the federal court is bound by the state court's findings of historical fact, unless the petitioner offers convincing evidence that the findings are erroneous. This rule is consistent with Townsend v. Sain, 372 U.S. 293, 312 (1963). ________ ____ -5- See Leavitt v. Howard, 462 F.2d 992, 995 (1st Cir.), cert. ___ _______ ______ _____ denied, 409 U.S. 884 (1972). We have reviewed the state ______ court record and we agree with the district court that none of the enumerated circumstances are present.4 The state court had before it all the facts, including copies of all relevant contracts and their terms, petitioner was represented there by counsel, and the court's hearing was as full as necessary, fair, and adequate to resolve these issues of contractual interpretation. Petitioner offered in this proceeding no reason to suppose that he could overcome, by convincing evidence, the presumption imposed by 2254. See ___ Leavitt, 462 F.2d at 995. _______ Insofar as this contract issue may be viewed as a mixed question of fact and law, petitioner offers no legal authority nor reasoned argument in support of his unlikely ____________________ 4. The district court's dismissal, styled as one for "failure to state a claim" was in accordance with Rule 8 of the Rules Governing 2254 cases, which states that when an evidentiary hearing is not required, "the judge shall make such disposition of the petition as justice shall require." Under Rule 11 the district court has discretion to use the Federal Rules of Civil Procedure in appropriate cases. Under the latter rules the dismissal might also have been characterized as a summary judgment since the court had before it, in addition to the parties' pleadings, voluminous exhibits which constituted virtually the entire state court record. See Fed. R. Civ. P. 12(c), 56. Whatever the ___ nomenclature, however, we are convinced that petitioner was afforded a reasonable and meaningful opportunity to present all pertinent evidence and the result, dismissal without an evidentiary hearing, was correct. -6- premise.5 In any event, we agree with the Massachusetts Appeals Court's alternative holding that "even assuming the absence of a valid contract at the time of petitioner's transfer . . . which we do not conclude, the petitioner['s] . . . only remedy for an improper transfer was a return to state prison, which has already been effected." Dellelo, No. _______ 91-P-524, slip op. at 4. This result is supported by state cases and analogous federal case law. See Blake v. ___ _____ Commissioner of Correction, 390 Mass. 537, 538, 457 N.E.2d ___________________________ 281 (1983) (prisoners improperly transferred to federal correctional facility were properly ordered returned to state facilities); Ladetto v. Commissioner of Correction, 373 Mass. _______ __________________________ 859, 369 N.E.2d 967 (1977) (a prisoner is not entitled to pardon of his state sentence nor release from prison following a procedurally defective transfer to a federal prison; the proper remedy is a return to state prison); see ___ also Stevenson v. Thornburgh, 943 F.2d 1214, 1214 n.2 (10th ____ _________ __________ Cir. 1991) (any alleged impropriety in execution of prisoner transfer agreement between state and federal authorities was rendered moot by the complete performance of all obligations on both sides). ____________________ 5. Although petitioner appears pro se, he was represented by ___ __ counsel in the state court. A perusal of counsel's state court memoranda and all the papers filed below also reveals no legal authority or other support for this unusual premise, and we know of none. -7- There is no merit to petitioner's contention that the state lost jurisdiction when it transferred petitioner to a federal prison. The statutes under which petitioner was transferred expressly presuppose the continuing vitality of the state sentence. M.G.L. c. 127, 97A (transferees are subject to the terms of their original sentences and to the provisions of law governing discharge); see also Howe v. _________ ____ Smith, 452 U.S. 473, 484 (1981) (purpose of 18 U.S.C. 5003 _____ authorizing transfer arrangements is to help states with insufficient correctional facilities by providing space in exchange for reimbursement by state for care of state's prisoners); Schertz v. Nix, 975 F.2d 1382, 1384 (8th Cir. _______ ___ 1992) (terms of state disciplinary confinement are not negated by prisoner's transfer to a federal prison under 18 U.S.C. 5003(a)(1) and placement in general prison population while there). Petitioner's reliance on cases such as Shields v. Beto, 370 F.2d 1003 (5th Cir. 1967), and _______ ____ Thompson v. Bannan, 298 F.2d 611, 612 (6th Cir. 1962), cert. ________ ______ _____ denied, 370 U.S. 957 is misplaced. The present case does not ______ involve extradition, a waiver, nor any circumstance suggesting a relinquishment by the state of its authority to exact the sentence imposed by its courts. Cf., e.g., Venable ___ ____ _______ v. Thornburgh, 766 F. Supp. 1012 (D. Kan. 1991) (because __________ transfer to federal custody was lawful and authorized under 18 U.S.C. 5003, reliance on extradition cases is -8- misplaced); Joyner v. Henman, 755 F. Supp. 982 (D. Kan. 1991) ______ ______ (same); We also see no merit to petitioner's remaining assignments of error. The district court did not abuse its discretion in denying petitioner's motion for discovery in light of the full state court record and the lack of any legal basis for petitioner's claim. And the district court did not err in dismissing petitioner's claim that he was denied due process or equal protection because he was not afforded a state administrative hearing prior to the prison transfer. Whatever the merit of that argument, petitioner did not assert it in his state court petitions, although he had every opportunity to do so. "The exhaustion requirement is not satisfied if petitioner presents new legal theories or new factual allegations in federal court that transform his case or cast it in a wholly different light." Carillo v. _______ Brown, 807 F.2d 1094 (1st Cir. 1986) (citing Picard v. _____ ______ Connor, 404 U.S. 270, 275 (1971)). ______ Accordingly, we deny the petition for a certificate ____ of probable cause to appeal the dismissal under 28 U.S.C. 2254, and we affirm the judgment of district court dismissing ______ the petition under 28 U.S.C. 2241. -9-