DANA ABRAHAMS, SR. *vs.* COMMISSIONER OF CORRECTION.

No. 01-P-1513.

Middlesex. January 7, 2003. - April 28, 2003.

Present: LENK, CYPHER, & MILLS, JJ.

*Imprisonment. Practice, Criminal,* Sentence. *Assault and Battery by Means of a Dangerous Weapon.*

This court concluded that a sentencing judge in the Superior Court could have lawfully ordered that a State prison sentence be commenced immediately and served concurrently with a Federal sentence, notwithstanding that the prisoner was in Federal custody in a Massachusetts house of correction and not actually transported and delivered to the State prison facility until a later date; consequently, this court reversed the dismissal of the prisoner's complaint for declaratory relief concerning the calculation of his release date from the State prison sentence that he was serving, to allow the prisoner the opportunity to produce evidence as to the sentencing judge's intent. [862-866]

CIVIL ACTION commenced in the Superior Court Department on June 30, 2000.

A motion to dismiss was heard by *Patrick F. Brady*, J.

*David Slade* for the defendant.

*Dana Abrahams, Sr.*, pro se.

MILLS, J. The plaintiff, Dana Abrahams, appeals from the dismissal of his complaint for declaratory relief concerning the calculation of his release date from a State prison sentence that he is currently serving.

His appeal raises the question whether the Superior Court sentencing judge could lawfully order that a State prison sentence be commenced immediately and served concurrently with a Federal sentence, notwithstanding that the prisoner was in Federal custody and not actually transported and delivered to the State prison facility until a later date. We hold that the sentencing judge had this authority, and that whether he in fact

exercised it was an issue raised by the pleadings. We reverse the motion judge's dismissal of the complaint.

1. *Background.*[1] On December 10, 1998, a Superior Court judge sentenced the plaintiff to a three and one-half to four year State prison sentence for the crime of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(*b*). At sentencing, the judge was aware that the plaintiff was then in his fourteenth month of a twenty-four month Federal sentence and his eleventh month of a fifteen month Massachusetts house of correction sentence, the latter being served concurrently with the former at the Essex County Correctional Facility (Middleton jail). According to the plaintiff's complaint, when the judge imposed the State prison sentence "forthwith" on December 10, 1998, the judge specifically stated that he had no idea how the sentence would affect the plaintiff's Federal sentence, but "as of that day . . . the plaintiff was [to be] serving a State sentence." The plaintiff remained at the Middleton jail, as a Federal prisoner, until July 14, 1999, the completion date of the Federal sentence, and was on that date physically transported to the State prison at Concord. The Commissioner of Correction (commissioner) considers July 14, 1999, to be the commencement date of the State prison sentence. The commissioner denied the plaintiff's requests that the commencement date be deemed the date of sentencing, that is, December 10, 1998, which translates into an increase of approximately 210 days of incarceration.

2. *Discussion.* The plaintiff claims he is entitled to the earlier commencement date because the sentencing judge made the State prison sentence concurrent with the Federal sentence, or in the alternative because, unless the judge specifically indicated that the sentences were to be served consecutively, there is or should be a presumption of concurrency of the sentences. He asserts as irrelevant that he was not physically transported to, and housed in, the State prison facility before the expiry of the

[1]The Superior Court motion judge dismissed the complaint pursuant to Mass.R.Civ.P. 12(b)(6), 365 Mass. 754 (1974), and accordingly, for purposes of this appeal, the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiff's favor, are to be taken as true. See *Kurker* v. *Hill,* 44 Mass. App. Ct. 184, 186 (1998), citing *Nader* v. *Citron,* 372 Mass. 96, 98 (1977).

Federal sentence, until which he remained in constructive Federal custody at the Middleton jail.

The commissioner argues that the question presented in this case is whether the imposition of a "forthwith" State prison sentence while the defendant was serving a Federal sentence caused the State prison sentence to begin when it was imposed, by operation of G. L. c. 279, § 27,[2] or, argued another way, whether the forthwith sentence "extinguished" the Federal sentence. The commissioner argues that the forthwith sentence did not begin until the plaintiff had concluded service of the Federal sentence and was physically delivered to the State facility, G. L. c. 279, § 34, and that the judge either should be presumed to have imposed the sentence consecutively, or was prohibited, as matter of law, from making the State prison sentence concurrent with service of the Federal sentence at the Middleton jail.

We view the issue differently: whether the Superior Court judge could lawfully order a State prison sentence to be served concurrently with a Federal sentence, notwithstanding that the prisoner would be physically in Federal custody in a Massachusetts house of correction and would not be actually transported and delivered to the State prison facility until a later date. In the light most favorable to the plaintiff, the inference is that the judge intended that the State prison sentence be treated as concurrent with the Federal sentence unless the concurrency was somehow prohibited by law. We find no such prohibition in the authorities cited by the commissioner.

The potential penalties for assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A(*b*), as in effect prior to St. 2002, c. 35, § 2, were imprisonment in the State prison for not more than ten years or in the house of correction for not more than two and one-half years, or a fine of not more than $1,000. There is no mandatory minimum, nor is there a require-

---

[2]That statute provides in full as follows: "If a convict serving a sentence of imprisonment in a jail or house of correction is convicted of a felony, the court may impose sentence of imprisonment in the state prison and order it to take effect forthwith, notwithstanding the former sentence. The convict shall thereupon be removed to the reception center established under [G. L. c. 127, § 20], and shall be discharged at the expiration of his sentence thereto." G. L. c. 279, § 27, as amended by St. 1955, c. 770, § 97.

ment of any sentence to State prison. There are no mandatory sentencing guidelines, see G. L. c. 211E, § 3. "A sentencing judge is given great discretion in determining a proper sentence." *Commonwealth* v. *Lykus*, 406 Mass. 135, 145 (1989), citing *Commonwealth* v. *Knight*, 392 Mass. 192 (1984). "He has the power to determine the length of the defendant's sentence, so long as he does not violate statutory limits." *Id.*, citing *Commonwealth* v. *Burke*, 392 Mass. 688 (1984). "The judge can order that multiple sentences be served concurrently, rather than consecutively, thereby effectively shortening the defendant's term of punishment." *Id.*, citing G. L. c. 279, § 8. "In fashioning a disposition after conviction, a judge . . . has wide latitude within the boundaries of the applicable penal statutes." *Commonwealth* v. *Ferguson*, 30 Mass. App. Ct. 580, 586 (1991).

After conviction, the commissioner has statutory authority to transfer State prisoners to Federal custody, G. L. c. 127, § 97A, and the place of incarceration may be "any available or appropriate correctional institution maintained and supervised by the federal government within the confines of continental United States." *Ibid.* See *Blake* v. *Commissioner of Correction*, 390 Mass. 537, 539 (1983). And, when the transferred prisoner is within Federal custody, Massachusetts retains jurisdiction over him and he remains "subject to the term[] of [his] original sentences to the state prison and to the provisions of law governing discharge and parole from the correctional institutions of the commonwealth." G. L. c. 127, § 97A. See *Ladetto* v. *Commissioner of Correction*, 373 Mass. 859, 859-860 (1977). See also New England Interstate Corrections Compact, St. 1962, c. 753, § 2, art. IV(c). He remains subject to the classification regulations of the Department of Correction (department), notwithstanding that the prisoner is not in the physical custody of the department. See *Good* v. *Commissioner of Correction*, 417 Mass. 329, 331-333 (1994). A Massachusetts prisoner may serve a Massachusetts State prison sentence concurrently with a California sentence being served in California. See *Chalifoux* v. *Commissioner of Correction*, 375 Mass. 424 (1978).

We find no statute prohibiting a judge from ordering that a

State prison sentence be served concurrently with a Federal sentence being served at a Massachusetts house of correction. The commissioner appears to argue that the second sentence of G. L. c. 279, § 27, see note 2, *supra*, implicitly requires that the plaintiff prisoner be "removed" to the State prison reception center in order for the State prison sentence to commence, and thus precludes the judge from ordering a concurrent sentence. We disagree. The statute and regulations governing the reception center define the procedure by which a prisoner entering the State prison system is appropriately classified, oriented, instructed, diagnosed for special needs, and initially placed. They cannot reasonably be read as authority for the commissioner's argument. See G. L. c. 127, § 20; 103 Code Mass. Regs. § 420.08 (1995) ("The [classification] process will provide an opportunity for the Reception Center staff members to become acquainted with each inmate through individual assessment, testing, and structured interviews").

The intent of the sentencing judge is relevant in determining the sentence that was imposed. See *Commonwealth* v. *Travis*, 408 Mass. 1, 16-17 (1990). When the circumstances indicate doubt as to the judge's intent regarding a sentence, remand of the case to the sentencing court for clarification regarding the doubt may be appropriate. See *id.* at 17.

The plaintiff's complaint alleged that the judge intended the State prison sentence to commence on the date of sentencing, although the judge stated that he did not know the impact of the State sentence on the Federal sentence then being served at the Middleton jail. The plaintiff should have the opportunity to produce evidence as to the sentencing judge's intent.[3]

The judgment of dismissal is reversed. The case is remanded

---

[3]Our decision is based, as it must be, upon the allegations of the complaint. We have received, but decline to consider, transcripts of hearings before the sentencing judge held subsequent to the dismissal of the plaintiff's complaint in this action. Our decision is not to be construed as expressing an opinion as to whether the sentencing judge did and said what the plaintiff has alleged.

Finally, nothing in this opinion should be construed as suggesting a presumption of concurrency when a defendant, then serving a Federal sentence, is sentenced to a Massachusetts facility.

to the Superior Court for further proceedings consistent with this opinion.

*So ordered.*